# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY MURPHY**

       Petitioner,

  v.                                              **Case No. 03-C-807**

**MATTHEW J. FRANK**

       Respondent.

## ORDER DENYING MOTION TO STAY

Anthony Murphy ("Murphy") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 20, 2006, Murphy filed a motion to stay this case. For several reasons, that motion will be denied. Under particular circumstances, federal courts may stay a "mixed" § 2254 petition, which contains both exhausted and unexhausted claims. This procedure allows the petitioner to return to state court to present claims that were not previously raised and then resume proceedings in federal court once exhaustion is complete.

In the present case, the court has yet to determine whether Murphy's claims are properly exhausted, procedurally defaulted, or—in the alternative—properly before the court. Thus, Murphy's motion is premature. Moreover, even assuming that the petition is mixed, such that the court should consider the propriety of stay and abeyance, Murphy's motion would be denied on the grounds that he has not demonstrated the high standards required for a stay that were recently established in <u>Rhines</u>

<u>v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005).  The <u>Rhines</u> court held that stay and abeyance should be available "only in limited circumstances," after the court determines:

    (1) that there is good cause for the petitioner's failure to exhaust his claims in state court;

    (2) that the petitioner's claims are not plainly meritless; and

    (3) that the petitioner has not "engaged in intentionally dilatory litigation tactics."

<u>Rhines</u>, 544 U.S. at ----, 125 S.Ct. at 1535-36.  Murphy has not presented information sufficient to satisfy <u>Rhines</u> in support of his motion for abeyance.  In fact, Murphy's motion reads in full as follows:

> The Petitioner submits this motion to stay his Habeas Corpus pending the outcome of a lower court ruling.

Accordingly, Murphy's motion for a stay will be denied.  If, after further review of the petition and the pleadings of record, the court finds that a stay is appropriate, it will be ordered.

    **IT IS THEREFORE ORDERED** that Murphy's motion for stay is **denied.**

    Dated at Milwaukee, Wisconsin, this <u>25th</u> day of January, 2006.

                                                      s/AARON E. GOODSTEIN
                                                    United States Magistrate Judge

2

Case 2:03-cv-00807-AEG   Filed 01/26/06   Page 2 of 2   Document 34